**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 97-20923
Summary Calendar**

_____

**ACEROS MONTERREY S.A. DE C.V.;
SEGUROS COMERCIAL AMERICA S.A. DE C.V.,**

**Plaintiffs-Appellants,**

**versus**

**M/V AKADAN BULK; TRANSOCEANIC NAVIGATION
CORPORATION; PERGAMOS SHIPPING COMPANY S.A.,**

**Defendants-Appellees.**

**Appeal from the United States District Court
for the Southern District of Texas
USDC No. 95-CV-179**

**November 12, 1998**

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Aceros Monterrey S.A. de C.V. and Seguros Comercial America S.A. appeal the judgment in favor of Appellees in this action for damages under the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1300 *et seq.*

Appellants shipped coils and sheets of cold-rolled steel on Appellees' vessel from Riga, Latvia to Brownsville, Texas. When

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the steel arrived in Texas, it had rust damage, for which Appellants claimed Appellees were responsible. After a bench trial, the district court granted judgment for the Appellees, ruling, *inter alia*, that Appellants had not established a *prima facie* case under COGSA.

Appellants assert that they did establish a *prima facie* case; that they established the negligence and unseaworthiness of the vessel; and that, under COGSA, Appellees are liable for the loss.

Of course, the findings of fact are reviewed only for clear error, *see* FED. R. CIV. P. 52(a); the conclusions of law, *de novo*. ***Baldwin v. Stalder***, 137 F.3d 836, 839 (5th Cir. 1998). Having reviewed the briefs and the record, we affirm for essentially the reasons stated by the district court. *See **Aceros Monterrey S.A. de C.V. v. M/V AKADAN BULK***, No. 95-CV-179, slip op. at 4-6 (S.D. Tex. Sept. 30, 1997).

*AFFIRMED*